[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12291
Non-Argument Calendar

_____

D. C. Docket No. 05-00120-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN MICHAEL GADDIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 1, 2006)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Sean Michael Gaddis appeals his 151-month sentence

for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). After review, we affirm.

## I. BACKGROUND

Gaddis's presentence investigation report ("PSI") recommended setting Gaddis's base offense level at 32 as a result of his career offender status. The PSI also recommended a three-level reduction for acceptance of responsibility. With an adjusted offense level of 29 and a criminal history category of VI, the PSI recommended a resulting guidelines range of 151 to 188 months' imprisonment. In his objections to the PSI and an accompanying sentencing memorandum, Gaddis requested that the district court exercise its post-Booker discretion and impose a sentence below the applicable guidelines range in light of Gaddis's post-offense rehabilitative conduct, his need to raise his child and the nature of his offense.

At the sentencing hearing, Gaddis presented testimony from his pastor, his mother and his former employer. Gaddis also introduced numerous letters from family members and friends. This evidence described Gaddis's recent religious conversion and reformation. Gaddis's counsel requested that the district court exercise its post-Booker discretion and sentence Gaddis below the applicable guidelines range. The district court responded that Gaddis already had received a substantially reduced sentence by pleading guilty. Defense counsel suggested that

2

the district court had "broad discretion in this case to depart downward," to which

the district court responded:

> I don't know of any case in the Eleventh Circuit or any other circuit
> that says the Court has broad discretion. There's no case that I know
> of that says that. The cases say the Court is supposed to consider the
> guidelines as advisory, and only in exceptional circumstances is the
> Court supposed to depart from those guidelines.

Defense counsel argued that exceptional circumstances existed in Gaddis's case.

The district court rejected Gaddis's request for a below-guidelines sentence.

Instead, the district court sentenced Gaddis to 151 months' imprisonment, at the

low end of the guidelines range. The district court based Gaddis's sentence on his

criminal history, the seriousness of the offense, the government's recommendation,

Gaddis's religious conversion and other circumstances, as well as "other

sentencing factors that the Court is supposed to consider, like victims,

dangerousness in the community, likelihood of recidivism, and all of those factors,

pursuant to the Sentencing Reform Act of 1984." In imposing the 151-month

sentence, the district court stated that it found "no reason to depart from the

sentence called for by application of the advisory guidelines range . . . ." Gaddis

appealed.

## II. DISCUSSION

On appeal, Gaddis first argues that the district court erred by requiring him

to show exceptional circumstances to receive a sentence below the applicable guidelines range.[1]  This Court recently rejected a presumption of reasonableness for sentences within the guidelines range.  Instead, we concluded that "a district court may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence." United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006).  In Hunt, the district court made some comments during the sentencing hearing that could have been interpreted as applying a presumption in favor of the Guidelines.  Id. at 1185.  For example, the district court stated that it was its practice to follow the guidelines unless "some good reason not to" was shown and that it gave the guidelines "considerable" and "substantial" weight.  Id. at 1183.  However, because the district court ultimately determined, based on consideration of the other § 3553(a) factors, that the recommended guidelines sentence was worthy of deference in that particular case, we found no error.  Id. at 1186.

Here, as in Hunt, we conclude that, although the district court made a comment that might suggest a presumption in favor of a guidelines sentence, the district court's "decision to defer to the Guidelines was ultimately a case-specific

---

[1]We review questions of law arising under the guidelines de novo.  United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).

4

one and was based on consideration of the section 3553(a) factors." See id. at 1186. Specifically, the district court concluded that a sentence at the low end of the advisory guidelines range was appropriate only after considering the particular factors in Gaddis's case, namely Gaddis's criminal history (which included four prior drug convictions), his rehabilitative conduct, his likelihood of recidivism and his dangerousness to the community.

Gaddis also argues that his 151-month sentence is unreasonable. Gaddis emphasizes that his arrest was the result of a sting operation, that the confidential informant insisted that he sell her crack cocaine rather than powder cocaine and that his offense was victimless. Gaddis also stresses his need to raise and support his son and Gaddis's rehabilitation and good works following his religious conversion.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must correctly calculate the sentencing range under the guidelines and then consider the factors set forth in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). This "[r]eview for reasonableness is deferential. . . . [a]nd when the district court imposes a

5

sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. "Moreover, we recognize that a range of reasonable sentences exists from which the district court may choose." United States v. Bonilla, ___ F.3d ___, 2006 WL 2535252, at * 3 (11th Cir. Sept. 5, 2006). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Id. (quotation marks omitted).

After review, we conclude that nothing in the record shows that Gaddis's 151-month sentence is unreasonable. First, Gaddis does not dispute that the district court correctly calculated the advisory guidelines range. Second, the district court indicated that it had considered the § 3553(a) sentencing factors. Furthermore, although not required to do so, the district court discussed several factors relating to Gaddis's history and characteristics, including his extensive criminal history beginning at an early age and his reformed conduct and religious conversion since his arrest. Under the circumstances, we cannot say that Gaddis's 151-month sentence, at the low end of the guidelines range and well below the statutory maximum sentence of twenty years, is unreasonable.

Based on the foregoing reasons, we affirm Gaddis's 151-month sentence.

**AFFIRMED**.